UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Rosemary Schuch,

Plaintiff,

and

Fisher Scientific International and Kemper Insurance Companies,

Intervenors,

v.

Villaume Industries, Inc., Industrial Service, Inc., and Scott Alyn Matz,

Defendants.

File No: 01-CV-673 JMR/FLN

**PROTECTIVE ORDER**

---

This matter is before the Court pursuant to a stipulation of the parties, and the Court being fully advised, and under the authority of Fed. R. Civ. P. 26 (c), hereby makes the following ORDER:

1. As used in this Order, "document" means any written, printed, typed, recorded or graphic materials, however produced or reproduced, of any kind or description, including material that is retained by electronic means.

2. As used in this Order, "confidential material" means any trade secret or other confidential research, process, development, business, commercial, personnel or personal information, including any document, photographs, or any portion thereof, which contains such information.

3. Any party to this litigation or third party making available for inspection any thing, document, or process may designate any or all portions thereof as "Confidential Material." Any party or third party may designate a written discovery response, which contains confidential material, as that term is defined in paragraph 2, as "Confidential Material." All

FILED MAR 2 0 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

transcripts of oral deposition testimony shall be deemed to be designated "Confidential Material" for a period of ten (10) days from receipt by counsel. A party or third party making documents or personnel available for inspection or testimony may, within ten (10) days of the receipt of a transcript of oral deposition testimony, by so notifying the other parties, designate the deposition transcript or portions thereof, as "Confidential Material." Within ten (10) days of the date of this Order, any party or third party may designate as "Confidential Material" any material that has previously been produced by that party.

4. The designation of confidential material may be made by placing or affixing thereon (in such manner as will not interfere with the legibility thereof) the words:

**CONFIDENTIAL MATERIAL**

Any material may also be designated confidential by written notice making specific reference to the material to be so designated. The entire document, written discovery response or deposition transcript, or all information derived from any inspection, that contains such notice or notices or to which such notice or notices apply, and the information contained in such materials, shall be treated as confidential unless the party or third party producing it shall clearly indicate thereon that only a portion of it is to be treated as confidential.

5. Any party may object to the designation of particular material as confidential by giving written notice to all other parties. Such written notice shall identify that material to which the objection is directed and the basis of the objection. If the objecting and designating parties are unable to resolve their differences within ten (10) days from the time the notice is received, the challenging party may file an appropriate request for the Court to rule that the disputed material should not be subject to the protection of this Order. The disputed material shall remain confidential and subject to the terms of this Order unless and until the Court rules otherwise.

6. Material designated "Confidential Material" and any copies thereof, the information contained in such material, and any notes made therefrom shall be disclosed only to the attorneys of the parties, to persons such as secretaries and legal assistants regularly employed in such attorneys' offices, to the parties themselves, to officers, directors and employees of the parties, or to persons provided for in paragraph 7 hereof, for use solely in preparation of trial or trial of this litigation. No copies, abstracts or summaries shall be made except by or on behalf of said attorneys, parties, officers, directors or employees, and such copies, abstracts and summaries shall be deemed "Confidential Material," and the notice, as provided in paragraph 4 hereof, shall be affixed thereto by the person making such copies, documents or summaries.

7. A party may disclose confidential material to an expert witness retained to assist in preparation for or to testify at trial or depositions, or to assist in the assessment of the case, but only after counsel for such party has, in advance of the disclosure, informed such expert of the terms of this Order, and delivered to said expert a copy of the Order and the Certificate Regarding Confidentiality attached hereto, which shall be read and signed by such expert before receiving any confidential materials.

8. In the event of disclosure of confidential information to an expert witness, such person or persons shall be provided with a copy of this Protective Order and shall be bound by its terms. In addition, counsel for the party making the disclosure shall advise the person or persons to whom the disclosure is made that, pursuant to this Protective Order, such person may not divulge any such confidential material to any other person or use such material for any purpose other than preparation for the trial of this case.

9. In the event of disclosure of confidential information pursuant to paragraph 7 hereof, the attorney making the disclosure shall retain a list of the confidential materials disclosed (including the number and location of any copies made thereof), the identities of

persons to whom the material was disclosed, and the date of disclosure. The attorney shall also retain the original of the Certificate Regarding Confidentiality signed by the person to whom disclosure was made.

10. In the event that any confidential material is included with, or the contents thereof are in any way disclosed in any pleading, motions, deposition transcript, or other paper filed with the Clerk of Court, such confidential material shall be kept under seal by the Clerk until further order of this Court; provided, that such paper shall be furnished to the Court and attorneys for the named parties, and a duplicate copy thereof (with the confidential material deleted therefrom) may be placed in the public record.

11. In the event confidential information is presented, quoted, or referenced in any deposition, court hearing or trial in this matter, counsel for the party claiming confidentiality, after reasonable notice, may make arrangements, or when appropriate, request the Court to make arrangements, to ensure that only persons identified in paragraphs 6 and 7 of this Protective Order are present during such presentation, quotation or reference. Further, the party claiming confidentiality may request that any court or judicial transcript of any court proceedings be sealed following such presentation, quotation or reference.

12. To the extent documentary or deposition discovery is sought from any party to this litigation by any non-party to this litigation, the party from whom discovery is sought must make written notice to the party who disclosed the document or testimony (a) within 10 (ten) days of receipt of the request or (b) if the time to respond is less than 10 (ten) days within a reasonable period of time prior to the time such discovery responses become due or prior to the date of deposition. The original disclosing party may then avail himself, herself or itself of the protections of this Order.

13. Nothing in this Protective Order shall be deemed to preclude any party from seeking, on an appropriate showing, lesser or greater protection with respect to the

confidentiality of any document, written discovery response or deposition testimony.

14. Neither this Protective Order nor the designation of any item as confidential material shall be construed as an admission that such material, or any testimony in respect of such material in a deposition or otherwise, would be admissible in evidence in this litigation or in other proceedings.

15. Nothing in this Order shall limit in any manner a party's or a third party's own use of materials or documents designated by it to be confidential.

16. At the conclusion of trial and of any appeals or other termination of this litigation, all confidential material received under the protections of this Order (and all copies) shall be tendered back to the supplying parties or destroyed, at the supplying party's option. The provisions of this Protective Order insofar as they restrict the communication and use of confidential material and confidential information shall, without written permission of the producing party or further order of this Court, continue to be binding on all parties and individuals receiving confidential materials after the conclusion of this litigation.

IT IS SO ORDERED:

[redacted] Magistrate Judge Franklin Noel

Dated: March 20, 2002

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.