**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

Rosemary Schuch, Individually and as Trustee for the Next-of-Kin of Jerome P. Schuch, Decedent,

Plaintiff,

and

Fisher Scientific International and Kemper Insurance Companies,

Intervenors,

v.

Villaume Industries, Inc., a Minnesota Corporation, Industrial Service, Inc., a Minnesota Corporation, and Scott Alyn Matz,

Defendants.

Civil File No. 1-CV-673 (JMR/FLN)

**ORDER APPROVING DISTRIBUTION OF SETTLEMENT PROCEEDS**

**THE ABOVE CAPTIONED MATTER** came on for hearing before the undersigned United States Magistrate Judge Franklin L. Noel on the 12th day of August, 2003, on the Verified Petition of Rosemary Schuch as Trustee and Individually, for distribution of settlement proceeds arising out of the settlement of this wrongful death action. The Petition was brought pursuant to L.R. 17.1 of the United States District Court for the District of Minnesota, Minn. Stat. § 573.02 and Rule 144.05 of the rules of Practice for the district Courts of the Satte of Minnesota. In addition to the Verified Petition, each of the next-of-kin of Jerome P. Schuch listed in the Verified Petition submitted an Agreement and Consent to Distribution of Settlement Proceeds



FILED 8-12-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

and Waiver of Notice of Hearing.

The Court, having reviewed the Verified Petition and exhibits thereto, and being duly advised in this matter,

**ORDERS AS FOLLOWS:**

1. That the Verified Petition of Rosemary Schuch, as Trustee and Individually, for distribution of settlement proceeds, is hereby granted.

2. That the law firm of Lindquist & Vennum P.L.L.P., which has received the settlement proceeds by check payable to a Lindquist & Vennum Trust Account, is ordered and directed to make distribution of the settlement proceeds as follows:

| | |
|---|---|
| To Fisher Scientific International and Kemper Insurance Companies, as full satisfaction of past and future workers' compensation subrogation claims and liens in this matter | $ 350,000 |
| To Lindquist & Vennum as attorneys' fees | $ 293,750 |
| To Lindquist & Vennum as reimbursement for costs and disbursements advanced | $ 31,250 |
| To Rosemary Schuch, the surviving spouse | $ 195,000 |
| To Daniel Schuch, as surviving son | $ 100,000 |
| To Julia Schuch, as surviving daughter | $ 100,000 |
| To Jennifer Schuch, as surviving daughter | $ 100,000 |
| To John and Betty Schuch, jointly, as surviving parents | $ 5,000 |

4. That since the distribution will be made by Lindquist & Vennum out of its trust account directly to the designated recipients, no bond shall be required of Rosemary Schuch.

5. That with respect to the distribution to be made to Jennifer Schuch, the Court notes that Jennifer Schuch is presently 17 years of age, having been born on May 14, 1986, and

is, therefore, a minor. Consequently, as part of this Order Approving Distribution, it is ordered that the net settlement proceeds to be paid to Jennifer Schuch shall be invested in one or more Certificates of Deposit in the name of Jennifer Schuch, with a maturity date on or after May 14, 2004, the date upon which Jennifer Schuch reaches her 18th birthday. The specific procedures for the purchase of one or more Certificates of Deposit in accordance with this provision are set forth in a Supplemental Order for Distribution of Wrongful Death Proceeds to Jennifer Schuch, a Minor.

**FURTHER,** that upon filing with this Court receipts by each of the distributees of the amount provided for in this Order, Rosemary Schuch, as Trustee, shall be discharged.

Dated: August 12, 2003

BY THE COURT:

Franklin L. Noel

United States Magistrate Judge
Franklin L. Noel